IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CYNTHIA NAYOMIE RODRIGUEZ (02),<br><br>    Defendant. | Case No. 17-20038-02-DDC |

## MEMORANDUM AND ORDER

Defendant Cynthia Nayomie Rodriguez has filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). *See* Doc. 1003.[1] In that motion, Ms. Rodriguez asks the court to appoint counsel. *Id.* at 7. And, in a recent motion requesting a 60-day extension to file a Reply brief, Ms. Rodriguez again asks the court to appoint her counsel. *See* Doc. 1014. While the court granted Ms. Rodriguez's request for a 60-day extension to file a Reply, Doc. 1015, it now denies the aspect of her motion requesting appointment of counsel. The court explains the reasons for this ruling, below.

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). But our court has arranged for the appointment of counsel for certain indigent defendants who have filed motions for compassionate release under § 3582(c)(1)(A).

> Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by

---

[1] Because Ms. Rodriguez proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id*.

Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under that Order, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.

*United States v. Velazquez*, No. 16-20114-JAR-4, 2020 WL 7122429, at *1 (D. Kan. Dec. 4, 2020).

Here, Ms. Rodriguez asks for appointed counsel to assist with her Motion for Compassionate Release. Consistent with our court's Administrative Order 20-8, the Federal Public Defender considered Ms. Rodriguez's motion and declined to enter an appearance on her behalf. That reason, on its own, might suffice to deny Ms. Rodriguez's request. And, on the merits of Ms. Rodriguez's request for counsel, the court concludes that she has demonstrated an ability to present her claims for relief based on the motions she already has filed pro se. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (reciting "the litigant's ability to present h[er] claims" as a factor to consider when deciding whether to appoint counsel). Thus, in its discretion, the court declines to appoint Ms. Rodriguez counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Rodriguez's requests for appointment of counsel in her Motion for Compassionate Release (Doc. 1003) and her "Request for a 60-Day Extension to Reply to Government's Response" (Doc. 1014) are both denied.

**IT IS SO ORDERED.**

**Dated this 4th day of May, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**