IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>v.<br><br>**CYNTHIA NAYOMIE RODRIGUEZ (02),**<br><br>      **Defendant.** | Case No. 17-20038-02-DDC |

**MEMORANDUM AND ORDER**

Defendant Cynthia Nayomie Rodriguez has filed a pro se[1] Motion to Reduce Sentence under the First Step Act. Doc. 1003. Ms. Rodriguez asserts that her health and family circumstances present extraordinary and compelling reasons for her release due to the COVID-19 pandemic. But, the court finds, none of Ms. Rodriguez's arguments present an extraordinary and compelling reason for compassionate release. The court thus denies Ms. Rodriguez's motion. The court explains this decision, below.

**I.    Background**

On November 19, 2018, Ms. Rodriguez entered a guilty plea (Doc. 359 (Petition to Enter Plea of Guilty and Order Entering Plea)) to three total counts: *first*, one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846; *second*, one count of use of a communication facility to facilitate a drug trafficking offense violating 21 U.S.C. § 843(b); *third*, one count of maintaining a residence for the purpose of storing, using, manufacturing, or

---

[1]     People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

distributing a controlled substance violating 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2.  Doc. 449 at 1 (Presentence Report, "PSR").  On December 23, 2019, the court sentenced her to 117 months' imprisonment on count one of the Indictment, 48 months' imprisonment on count six of the Indictment, and 117 months' imprisonment on count 31 of the Indictment.  Doc. 699 at 1–2 (J. in a Criminal Case).  The court ordered her sentences to run concurrently.  *Id.* at 2.  Her projected good time release date is January 16, 2026.  *See* Cynthia Nayomie Rodriguez (Reg. No. 28803-031) (last visited Nov. 21, 2022), https://www.bop.gov/inmateloc/.

Ms. Rodriguez filed the current Motion to Reduce Sentence on February 28, 2022.  Doc. 1003.  The government responded on March 29, 2022.  Doc. 1010.  And Ms. Rodriguez submitted a Reply.  Doc. 1028.

**II.    Legal Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted).  This exception permits district courts to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements).  Our Circuit has held that this exhaustion requirement is a claim-processing

---

[2]    Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief."  *See Maumau*, 993 F.3d at 830 (emphasis added).

rule that the government may waive or forfeit. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

Separate from this exhaustion requirement, the court applies a three-step substantive analysis to motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* Relief may "be granted only if all three prerequisites are satisfied," and, so, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021). The Tenth Circuit has held that it does not view the first step in § 3582(c)(1)(A)—"extraordinary and compelling" reasons—as jurisdictional. *See Hald*, 8 F.4th at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

The court need not reach the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, "until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

### III. Analysis

*First*, the court considers whether Ms. Rodriguez has exhausted her administrative remedies. Ms. Rodriguez has provided BOP's letter rejecting her request for compassionate

release. Doc. 1003 at 8–9. And, the government doesn't contest whether Ms. Rodriguez has exhausted her administrative remedies. So, the court's analysis will move to the next step.

*Second*, the court must determine whether Ms. Rodriguez presents "extraordinary and compelling" reasons for compassionate release. Ms. Rodriguez asserts two reasons for why the court should grant her compassionate release. *First*, she states that she has "several high risk factors" that increase her risk of severe COVID-19, including a BMI of 45 and a history of smoking and drug use. *Id.* at 5. *Second*, Ms. Rodriguez says that her five children are currently living with her mother and autistic brother. *Id.* at 5–6. Neither primary parent is available to care for them because both parents—herself and the children's father—are incarcerated. *Id.* at 5. Ms. Rodriguez asserts that her mother is subject to many COVID-19 risk factors as well. *Id.* at 5–6. The court will address both her assertions below.

A.   **Family Circumstances**

The Federal Sentencing Guidelines specifically mention that "family circumstances" may present an extraordinary and compelling reason for compassionate release. U.S. Sent'g Guidelines § 1B1.13 (U.S. Sent'g Comm'n 2018). Commentary to the Sentencing Guidelines defines family circumstances to include the "death or incapacitation of the caregiver of the defendant's minor child" or "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* § 1B1.13 cmt. 1.(C).[3] Ms. Rodriguez has not asserted either of these policy considerations to support her request for release. On the contrary, Ms. Rodriguez has stated her children currently

---

[3]     The Sentencing Commission's Guidelines and their commentary don't bind the court, this definition of family circumstances is useful. *See United States v. Barrio*, No. 21-6103, 2022 WL 898764, at *4 (10th Cir. Mar. 28, 2022) (citing Sentencing Guidelines § 1B1.13 cmt. 1 and noting that these "policy statements guide, but do not confine, the court in its analysis of extraordinary and compelling circumstances warranting a sentence reduction").

4

have a caretaker while she is in prison. While she speculates about her mother's risk for severe COVID-19, she has not stated any imminent loss of a provider for her children. "Unfortunately, 'the care of minor children is a problem faced by many convicted defendants.'" *United States v. Vela-Salinas*, No. 3:11-cr-00083-19, 2022 WL 391490, at *5 (M.D. Tenn. Feb. 8, 2022) (quoting *United States v. Kibby*, No. 2:19-cr-179, 2021 WL 2009568, at *3 (S.D. Ohio May 20, 2021)). "[S]uch a problem, without more, is an ordinary, not extraordinary, circumstance." *Id.*; *see also United States v. Reed*, No. 2:15-CR-752 TS, 2022 WL 844435, at *2 (D. Utah Mar. 22, 2022) (acknowledging defendant's family circumstances involving struggling daughters were "undoubtedly difficult" but not extraordinary and compelling reasons because "familial hardship often results from criminal conduct"). Thus, the court concludes that this reason is neither extraordinary nor compelling, so it doesn't support Ms. Rodriguez's request for compassionate release from prison.

### B.     COVID-19 Risk Factors

Next, the court will address Ms. Rodriguez's risk factors. Ms. Rodriguez states that her medical history makes her susceptible to a severe strain of COVID-19. Her listed medical conditions include a BMI of 45, a history of smoking and drug abuse, and anxiety and depression. Doc. 1003 at 5. Also, she advises that she has already contracted COVID-19 and experienced side effects like chest pain and difficulty breathing. *Id.* The government notes that Ms. Rodriguez's medical records confirm she is receiving treatment for major depressive disorder. Doc. 1010 at 14–15. But, the government argues, Ms. Rodriguez's health conditions do not present extraordinary and compelling circumstances. According to the government, her medical records do not list any side effects from COVID-19. The government also asserts, and

Ms. Rodriguez confirms, that she is vaccinated against COVID-19. Doc. 1010 at 15–18; *see also* Doc. 1028 at 3 (admitting that she received the COVID-19 vaccine).

Our Circuit recently held (albeit in an unpublished opinion) that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"). And it appears that several district courts in our Circuit—including ours—have adhered to this recent direction from the Circuit. Following *McRae*, those courts have concluded that, if a defendant has had access to the COVID-19 vaccine, then incarceration during the pandemic doesn't suffice, on its own, as an extraordinary and compelling reason for a sentence reduction. *See United States v. Logan*, No. CR 07-20090-01-KHV, 2022 WL 1102654, at *3 (D. Kan. Apr. 13, 2022); *United States v. Oaks*, No. 18-CR-00470-PAB-11, 2022 WL 1081148, at *2 (D. Colo. Apr. 11, 2022); *United States v. Duran*, No. 1:15-CR-27 TS, 2022 WL 844433, at *1 n.3 (D. Utah Mar. 22, 2022).

Mindful of the Circuit's guidance, the court thus concludes that Ms. Rodriguez's incarceration during the pandemic is not an extraordinary and compelling reason to reduce her sentence.

### C. § 3553(a) factors

*Finally*, if Ms. Rodriguez had presented extraordinary and compelling reasons for compassionate release, the court then would have to assess the sentencing factors in 18 U.S.C. §

3553(a).  Those factors include:  (1) defendant's personal history and characteristics; (2) her sentence relative to the nature and seriousness of her offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.  *See* 18 U.S.C. § 3553(a).

Ms. Rodriguez participated significantly in a large drug trafficking organization that manufactured and distributed methamphetamine.  Undercover agents identified her as the wife of the local leader and organizer of the ring.  Doc. 449 at 16 (PSR ¶ 58).  Ms. Rodriguez distributed methamphetamine to numerous English-speaking customers and served as a dispatcher for multiple drug couriers who distributed the methamphetamine.  *Id.*  When in custody, Ms. Rodriguez admitted to trafficking high volumes of methamphetamine and handling the money from the proceeds.  *Id.* at 14 (PSR ¶ 48).  She pleaded guilty to serious charges in a multi-level drug organization.  These facts do not favor compassionate release.

Her sentence in this case doesn't favor compassionate release, either.  Ms. Rodriguez's total offense level originally produced a sentencing guideline range of 292–365 months' imprisonment.  *Id.* at 21 (PSR ¶ 97).  The court significantly departed from the guideline range for reasons recognized by the sentencing guidelines, resulting in her current sentence of 117 months' imprisonment.  Doc. 700 at 1.  Ms. Rodriguez still has more than three years to serve of her sentence.  The court finds these factors weigh heavily against Ms. Rodriguez's motion.  They, too, do not favor compassionate release.

**IV.	Conclusion**

As explained above, the court denies Ms. Rodriguez's motion for two independent reasons: (1) she does not present extraordinary and compelling reasons for compassionate release, and (2) the § 3553(a) factors do not favor compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Rodriguez's Motion to Reduce Sentence (Doc. 1003) is denied.

**IT IS SO ORDERED.**

**Dated this 1st day of February, 2023, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**