IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,

                         **Plaintiff**,

v.

**CYNTHIA NAYOMIE RODRIGUEZ (02)**,

                         **Defendant**.

Case No. 17-20038-02-DDC

**MEMORANDUM AND ORDER**

Defendant Cynthia Nayomie Rodriguez has filed a pro se[1] Motion to Reduce her sentence under Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines. Doc. 1056. The government filed a Response. Doc. 1075. The court lacks jurisdiction and dismisses Ms. Rodriguez's motion for the following reasons. The court also denies Ms. Rodriguez's request that the court appoint her counsel. Ms. Rodriguez has filed two other motions, requesting documents to support her Amendment 821 motion. Doc. 1057; Doc. 1058. The court denies these motions, too. The court explains these decisions, below.

**I.     Background**

On November 19, 2018, Ms. Rodriguez entered a guilty plea (Doc. 362) to: conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, violating 21 U.S.C. §§ 841(a)(l), (b)(l)(A)(viii), and 846 (Count 1); use of a communication

---

[1] Because defendant proceeds pro se, the court construes her filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, defendant's pro se status does not excuse her from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

facility to facilitate a drug trafficking offense, violating 21 U.S.C. § 843(b) (Count 6); and maintaining a residence for the purpose of storing, using, manufacturing, and distributing a controlled substance, violating 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2 (Count 31). On February 20, 2019, a federal probation officer prepared a Presentence Investigation Report (PSR). Doc. 449. Based on the quantity of drugs, 4.5 kilograms of methamphetamine mixture, the PSR determined that Ms. Rodriguez had a base offense level of 38. *Id.* at 17 (PSR ¶ 65). A two-point enhancement applied because Ms. Rodriguez is believed to have maintained a premises for the purpose of manufacturing or distributing the controlled substance. *Id.* (PSR ¶ 66). An additional three-point enhancement applied under Guideline § 3B1.1(b) because Ms. Rodriguez is believed to have managed or supervised one or more other participants. *Id.* at 17–18 (PSR ¶ 68). The PSR also deducted three points because Ms. Rodriguez accepted responsibility and timely notified authorities of her intent to enter a plea. *Id.* at 18 (PSR ¶¶ 72–73). Based on the 2018 Guidelines Manual, Ms. Rodriguez had a total offense level of 40. *Id.* (PSR ¶ 74).

Ms. Rodriguez's criminal history produced zero criminal history points, establishing a criminal history category of I. *Id.* (PSR ¶ 78). Section 841(b)(1)(A) of Title 21 of the United States Code requires a minimum imprisonment of 10 years if a defendant is found guilty of conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine. Two other statutes—21 U.S.C. §§ 843(b) and 843(d)(1)—establish a maximum term of imprisonment of four years for use of a communication facility to facilitate a drug trafficking offense. And 21 U.S.C. § 856(b) establishes a maximum term of imprisonment of twenty years for maintaining a residence for the purpose of storing, using, manufacturing, and distributing a controlled substance. "Based upon a total offense level of 40 and a criminal

history category of I, the guideline imprisonment range [was] 292 to 365 months." *Id.* at 21 (PSR ¶ 97). The parties' binding plea agreement agreed that the government would recommend "a sentence at the low end of the applicable Guideline range[.]" Doc. 362 at 8 (Plea Agreement). On December 23, 2019, the court sentenced Ms. Rodriguez to imprisonment for 117 months and 5 years of supervised release. Doc. 699 at 2–3.

Ms. Rodriguez asserts that Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines applies to her December 2019 sentence. Doc. 1056 at 4. The court addresses Ms. Rodriguez's motion, but first, recites the governing legal standard.

## II.     Legal Standard

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

> (1) on motion of the Director of the Bureau of Prisons or the defendant, after defendant has exhausted administrative remedies, if special circumstances exist;
>
> (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or
>
> (3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). Ms. Rodriguez asks the court to modify her sentence based on the third circumstance—a subsequent change in the sentencing range. Doc. 1056 at 3.

Effective November 1, 2023, Amendment 821 Part B lowered the offense level by two levels for certain defendants with zero criminal history points. U.S. Sent'g Guidelines Manual

3

§ 4C1.1 (U.S. Sent'g Comm'n 2023).  The amendment applies to a defendant who "meets all of the . . . criteria" in subsections (a)(1) through (a)(10):

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id.*

**III.     Analysis**

Ms. Rodriguez is a zero-point offender.  *See* Doc. 449 at 18 (PSR ¶ 78).  But she loses her bid for a reduced sentence at subsection (a)(10), which requires that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)[.]"  U.S. Sent'g Guidelines Manual § 4C1.1(a)(10) (U.S. Sent'g Comm'n 2023).  The PSR applied a three-point enhancement to Ms.

4

Rodriguez's offense level under § 3B1.1(b) because Ms. Rodriguez is believed to have managed or supervised one or more other participants. Doc. 449 at 17–18 (PSR ¶ 68). Indeed, Ms. Rodriguez "admittedly brokered high volume drug transactions with customers and coordinated drug couriers." *Id.* In short, Amendment 821 § 4C1.1 doesn't apply to Ms. Rodriguez. Because Ms. Rodriguez's sentencing range remains unchanged, her request doesn't fall under 18 U.S.C. § 3582(c)(2). The court thus lacks jurisdiction and must dismiss Ms. Rodriguez's motion (Doc. 1056). *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that district courts should dismiss for lack of jurisdiction if defendant is ineligible for a sentence reduction under § 3582(c)(2)); *United States v. Andrade*, No. 18-10129, 2024 WL 1461816, at *1 (D. Kan. Apr. 4, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant failed to meet all § 4C1.1 criteria because defendant received an adjustment under § 3B1.1).

Ms. Rodriguez's motion also asks the court to appoint her counsel for her Amendment 821 request. Doc. 1056. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Our court appointed the office of the Federal Public Defender to help eligible defendants seek relief under Amendment 821. *See* D. Kan. S.O. 23-03. The court forwarded Ms. Rodriguez's motion to the FPD, Doc. 1059, and the FPD declined to enter an appearance, Doc. 1076. The court, in its discretion, denies Ms. Rodriguez's request for counsel.

Ms. Rodriguez has filed two other motions that relate to her request for a sentence reduction. The first is a Motion for Order Directing the Government to Procure/Produce Petitioner's Post-Rehabilitation Documents (Doc. 1057). The second is a Motion for Order Directing the Government to Procure/Produce Petitioner's Medical Records (Doc. 1058). Both motions seek these documents to support Ms. Rodriguez's Motion to Reduce her sentence under

Amendment 821.  Doc. 1057 at 1; Doc. 1058 at 1.  Ms. Rodriguez isn't eligible for such a reduction, so these documents are irrelevant.  The court denies both motions.

## IV. Conclusion

The court is without jurisdiction to consider Ms. Rodriguez's current motion.  Thus, the court dismisses Ms. Rodriguez's motion for lack of jurisdiction.  The court also denies her request to appoint counsel and her motions asking the government to produce supporting documents.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Rodriguez's Motion to Reduce Sentence (Doc. 1056) is dismissed.

**IT IS FURTHER ORDERED THAT** Ms. Rodriguez's request for appointment of counsel is denied.

**IT IS FURTHER ORDERED THAT** Ms. Rodriguez's Motion for Order Directing the Government to Procure/Produce Petitioner's Post-Rehabilitation Documents (Doc. 1057) is denied.

**IT IS FURTHER ORDERED THAT** Ms. Rodriguez's Motion for Order Directing the Government to Procure/Produce Petitioner's Medical Records (Doc. 1058) is denied.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2024, at Kansas City, Kansas.

                                         **s/ Daniel D. Crabtree**
                                         **Daniel D. Crabtree**
                                         **United States District Judge**